UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GALILEO MONDOL, ALISON HINES, and   *
MARK MONDOL,   *
  *
        Plaintiffs,   *
  *
        v.   *      Civil Action No. 15-cv-13697-ADB
  *
CITY OF SOMERVILLE, JOSEPH   *
CURTATONE, ANTHONY PIERANTOZZI,   *
and GEORGE SCARPELLI,   *
  *
        Defendants.   *

**MEMORANDUM AND ORDER DENYING**
**DEFENDANTS' REQUEST FOR FEES AND SANCTIONS**

BURROUGHS, D.J.

Plaintiffs filed this lawsuit on October 30, 2015, asserting claims for civil rights

violations, defamation, intentional infliction of emotional distress, and civil conspiracy. [ECF

No. 1]. On October 26, 2017, the Court granted summary judgment for Defendants on all counts.

[ECF No. 117]. In their summary judgment memorandum, Defendants requested an award of

attorneys' fees pursuant to 42 U.S.C. § 1988(b), and they stated that they intended to file a

motion for sanctions under Fed. R. Civ. P. 11(c). [ECF No. 97 at 3 & n.2]. The Court denied the

fee request without prejudice, noting that Defendants could file a Rule 11 motion with more

detailed support, but indicating that the Court was unlikely to grant such a motion. [ECF No. 117

at 30]. Now before the Court is Defendants' renewed petition for costs and fees and sanctions,

which was filed on November 27, 2017. [ECF No. 122].[1]

"[S]ection 1988 grants courts the discretion to award a 'reasonable attorney's fee' to the

_____

[1] While Plaintiffs' time to file an opposition to the petition has not run (assuming the petition
should be treated as a motion for the purposes of calculating time to file an opposition), the Court
does not require briefing from Plaintiffs on this issue in order to make a determination.

prevailing parties in suits under various civil rights statutes, including 42 U.S.C. § 1983."

Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 235 (1st Cir. 2010) (quoting 42 U.S.C. § 1988(b)).

"[A]n award of fees in favor of a prevailing plaintiff in a civil rights suit is 'the rule, whereas fee-shifting in favor of a prevailing defendant is the exception.'" Id. at 236 (quoting Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994)). Prevailing defendants "may be granted attorneys' fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Rosselló-González v. Acevedo-Vilá, 483 F.3d 1, 6 (1st Cir. 2007) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). "In determining whether this standard has been met, the court must assess the claim at the time the complaint was filed, and must avoid the post-hoc reasoning that, because the plaintiff did not ultimately prevail, the claim must have been frivolous, unreasonable or without foundation." Tang v. State of R.I., Dep't of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998). Considering the case at the time it was filed is important to ensure that a fee award does not deter future plaintiffs from coming forward:

> This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). Fee awards to defendants are also permitted "on rare occasions where 'the plaintiff continued to litigate after [the claims] *clearly* became [frivolous, unreasonable, or groundless].'" Lamboy-Ortiz, 630 F.3d at 241 (quoting Christiansburg, 434 U.S. at 422). In such a case, the court "must at a minimum find that, following the filing of the claim, circumstances changed to such an extent that a reasonable

person could not help but conclude that the claim was no longer viable." Lamboy-Ortiz, 630 F.3d at 241–42 (citing Christiansburg, 434 U.S. at 421). This type of shift could "include, for example, the receipt of evidence in the course of discovery establishing a complete defense, or a development in the controlling law that foreclosed the claim." Id. at 422.

"[D]ecisions to grant defendants their fees are, and should be, rare . . . ." Tang, 163 F.3d at 13. The "standard is, by design, a difficult one to meet." Torres-Santiago v. Municipality of Adjuntas, 693 F.3d 230, 234 (1st Cir. 2012). "Congress granted parties the prospect of a reasonable attorney's fee under 42 U.S.C. § 1988 to encourage the prosecution of legitimate civil rights claims; to award fees to prevailing defendants when the history of a case does not justify it undercuts that goal and chills civil rights litigation." Id. (quoting Lamboy-Ortiz, 630 F.3d at 236). Furthermore, the district court retains the discretion to deny a defendant's fee request even if it determines that the lawsuit was "groundless when brought or continued," Bercovitch v. Baldwin Sch., Inc., 191 F.3d 8, 12 (1st Cir. 1999), or if it concludes that the lawsuit was frivolous, as long as the court "consider[s] all the nuances" of the particular case. Tang, 163 F.3d at 15.

Here, an award of attorneys' fees and costs to Defendants is not warranted. At the time this lawsuit was filed, Plaintiffs had a viable cause of action and a reasonable basis to believe that they would be able to prove their claims. Galileo Mondol was arrested and charged with, inter alia, aggravated rape of a child, and he endured media coverage of his arrest and his alleged connection to the crime, missed two years of school, and suffered damage to his reputation. His family spent hundreds of thousands of dollars in legal fees. Ultimately, the charges were dropped, presumably due to a lack of evidence. The circumstances indicate that Galileo was probably charged with the crime because one or more individuals conveyed inaccurate

information to the police, either in good faith or with malicious intent. Furthermore, the parties had a prior history of acrimony stemming from a dispute over a proposed charter school, and the facts at issue in this case were, as the Court put it, "jumbled," messy, and confused, with several witnesses presenting competing versions of key events. Given this context, Plaintiffs had a valid basis to suspect that their civil rights had been violated, and it was reasonable for Plaintiffs to believe that discovery would shed some light on the situation and possibly cause new facts to emerge. Further, the motion for summary judgment turned on what inferences could be drawn from this confusing set of facts, and Plaintiffs were entitled to argue that the Court could draw inferences that would support their narrative. That Plaintiffs ultimately came up short is not enough to show that the claims were frivolous or baseless. Lastly, Defendants have not pointed the Court to any development during the course of the litigation that would have changed the parties' understanding of the case so dramatically that proceeding with the case would have become unreasonable at that point. As such, Defendants are not entitled to a fee award.[2]

Accordingly, Defendants' petition for costs and fees and sanctions [ECF No. 122] is DENIED.

**SO ORDERED.**

December 4, 2017

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[2] Defendants have also requested an award of sanctions pursuant to Fed. R. Civ. P. 11(b) and (c), which allows the Court to sanction an attorney who pursues a claim that is, inter alia, presented for an improper purpose, frivolous, unwarranted by existing law, or lacking in evidentiary support. For the same reasons that an award of attorneys' fees under 42 U.S.C. § 1988 is not appropriate, the Court also denies Defendants' request for Rule 11 sanctions.